# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**TAI N. DANG,** *et al.*,

    Plaintiffs,

  v.

**CITY OF ROCKAWAY BEACH**,

    Defendant.

Case No. 3:18-cv-01547-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiffs Tai N. Dang, Hue P. Le, and Tue Nguyen ("Plaintiffs") assert two federal and two state claims against Defendant City of Rockaway Beach ("the City"). ECF 1. The claims relate to the City's denial of Plaintiffs' request to place "riprap" (a foundation or sustaining wall made of stones) on Plaintiffs' real property located in Rockaway Beach, Oregon. The federal claims Plaintiffs allege are a Fifth Amendment takings and a race-based discrimination claim. The state claims allege negligence and inverse condemnation. ECF 1. The City has moved to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF 6. For the reasons that follow, the Court grants the motion in part and denies it in part.

## STANDARDS

    A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

**A. Takings Claim**

After the City filed its motion to dismiss, the Supreme Court issued its decision in *Knick v. Township of Scott, Pennsylvania*, 139 S.Ct. 2162 (2019). Because of that decision, the City

withdrew its argument that Plaintiffs' takings claim should be dismissed. ECF 16. The Court therefore proceeds to the City's other arguments.

**B. Race-based Discrimination Claim**

Plaintiffs assert in their fourth claim that "[i]n January 2018, Plaintiff Dang learned that the City's actions in refusing to allow Plaintiffs to protect the home on Plaintiffs' Property were motivated by racial and ethnic animus against one or more Plaintiffs." ECF 1. Plaintiffs make no further factual allegations in support of their discrimination claim. A complaint is insufficient if it tenders "naked assertions" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. Plaintiffs argue that they have adequately alleged a discrimination claim, but request in the alternative that Plaintiffs be granted leave to plead additional facts with regard to their claims of racial discrimination. Because Plaintiffs' complaint lacks sufficient factual allegations to state a facially plausible claim for relief for Plaintiffs' fourth claim, that claim is dismissed. Plaintiffs are granted leave to plead additional facts about this claim within 14 days.

**C. State Claims**

Plaintiffs also bring state claims for negligence and inverse condemnation. Plaintiffs concede that they have not pleaded timely tort claim notice as required under the Oregon Tort Claims Act ("OTCA") for Plaintiffs' negligence claim. *See Urban Renewal Agency of City of Coos Bay v. Lackey*, 275 Or 35, 41 (1976) (en banc) ("The pleading and proof of notice to satisfy the requirements of ORS 30.275 is a mandatory requirement and a condition precedent to recovery under the Oregon Tort Claims Act.") Plaintiffs' negligence claim is therefore dismissed. Plaintiffs request leave to amend to plead timely tort claim notice. Plaintiffs are granted leave to do so within 14 days.

The City's argument against Plaintiffs' other state claim was premised on the argument that all of Plaintiffs' federal claims should be dismissed. *See Acri v. Varian Associates, Inc.*, 114

PAGE 3 – ORDER

F.3d 999, 1001 (9th Cir. 1997) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Because the City has withdrawn its argument against Plaintiffs' takings claim, that premise no longer applies. The Court therefore denies the City's motion to dismiss Plaintiffs' inverse condemnation claim.

## CONCLUSION

The City's Motion to Dismiss (ECF 6) is GRANTED in part and DENIED in part consistent with this order.

**IT IS SO ORDERED.**

DATED this 5th day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge